THOMAS MORGAN *v.* W. A. STUART.

[Abstract Kentucky Law Reporter, Vol. 7—521.]·

**Sale of Real Estate on Execution.**

Where real estate worth several thousand dollars is sold on execution for $397, and the record on appeal is so defective that the court is unable to ascertain whether the execution plaintiff, who purchased the land, was entitled to have execution, the sale will be set aside.

APPEAL FROM DAVIESS CIRCUIT COURT.

January 26, 1886.

OPINION BY JUDGE PRYOR:

It is apparent from this record that such a valuable farm as the one sold in this case would not have been permitted to pass into the hands of the purchaser for the price of $397. An execution had been previously issued on a replevin bond on the 19th of December, 1873, for this same debt. Whether it was this same bond or not the records, as well as the facts, are in such confusion that we are not able to state. The execution was returned "stayed by supersedeas." Another execution issued in October, 1874, and was levied on this same land and purchased by the plaintiff. This sale was quashed by or on motion of the defendant in the execution and a venditioni exponas directed to issue. A sale was made under this writ and the same land purchased by the plaintiff in the execution, and the sale set aside in January, 1877.

The present execution was issued in February, 1877, and the same land levied on and sold April 16, 1877, for $397 to the appellee, the plaintiff in the execution, and in May, 1879, more than two years after, the sheriff made to the plaintiff a deed passing to him the title as against the appellant. It is stated in the brief that the appellant had no notice of the sale or the levy, but his deposition or testimony appears nowhere in the record, or any proof from him showing any fact that would relieve him from his laches.

It appears that one of the executions was stayed by a supersedeas, and whether that supersedeas has ever been discharged in any way does not appear. The entire case is involved in mystery

on both sides, at the same time facts appearing so susceptible of explanation as to make this case easily understood if we had them before us. Why the two sales were quashed does not appear. With the sales set aside under former executions and a supersedeas issued and served, as we must assume from the sheriff's return, it devolved on the plaintiff to show his right to have an original execution issued on the replevin bond. Such a confused condition of things, even if the appellant had been present at the sale, would have deterred purchasers from bidding; and the land worth several thousand dollars having been sold for less than one-tenth of its value, the court below under the circumstances should have set the sale aside. Judgment reversed and remanded for proceedings consistent with this opinion.

Judgment *reversed*.

*Little & Slack, for appellant*.